ALEXANDER STUART *versus* INHABITANTS OF MACHIAS PORT.

In an action for a personal injury, caused by a defect in a highway, a request to instruct the jury, " if they find, that at the time of the accident the plaintiff was intoxicated, this, of itself, would constitute such a want of ordinary care as would preclude him from the right to recover," was properly refused; the question, what constituted ordinary care, being one for the determination of the jury.

EXCEPTIONS from the ruling of MAY, J.

*Walker,* in support of the exceptions.

*J. A. Lowell, contra.*

The opinion of the Court was drawn up by

TENNEY, C. J.—The plaintiff alleged, in his writ, that he had sustained a personal injury through a defect in a highway in the town of Machias Port, which the inhabitants thereof were bound to keep in repair, according to requirements of the statute. The defendants' liability was denied.

It appears from the case that the defendants introduced evidence tending to show that, at the time of the accident, the plaintiff was more or less intoxicated; and evidence tending to show that he was sober was introduced on the part of the plaintiff.

The presiding Justice was requested to instruct the jury that, if they shall find that, at the time of the accident, the plaintiff was intoxicated, this, of itself, would constitute such a want of ordinary care as would preclude the plaintiff from the right to recover. This instruction was not given.

It is well settled that, to entitle a party to recover damage for an injury through an alleged defect in a public road upon which he is traveling, he must satisfy the jury that he was in the exercise of ordinary care. He may fail in this exercise in many and various particulars, or he may not; and this is a question of fact for a jury to settle. A jury may think a man intoxicated, incapable of using common and ordinary

care in walking, or in driving a horse with or without a carriage upon a public way, or they may suppose that one in that situation may often be free from all negligence in that respect; and that some persons in that state may be exceedingly reckless, while others are very cautious. The law has established no rule such as that requested to be given to the jury in this case.                    *Exceptions overruled.*

*Judgment on the verdict.*

Rice, Appleton, Cutting, May, and Kent, JJ., concurred.