KINGSTON v. FORT WAYNE & ELMWOOD RAILWAY CO.

1. EVIDENCE—CREDIBILITY OF WITNESS.

Where the plaintiff in a civil case testifies in his own behalf, inquiries concerning his past life and associations are admissible on cross-examination as bearing upon his character and credibility as a witness; but such matters are not thereby put in issue so as to be open to proof by direct testimony.

2. STREET RAILWAYS—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE—INTOXICATION.

Whether one who, while in an intoxicated condition, stood upon the running board of a street car, having been unable to obtain a seat, and was injured, was, in view of the circumstances, in the exercise of due care, was a question for the jury, and an instruction to the effect that, if he was intoxicated at the time, he could not recover for his injuries, was erroneous.

3. SAME—INTOXICATED PASSENGER—DUTY OF CONDUCTOR.

The fact that the conductor of a street car knows that a person who is standing on the running board outside of the car is intoxicated imposes upon him the duty to exercise care in passing by such person for the purpose of collecting fares.

ON REHEARING.

PERSONAL INJURIES—LOSS OF EMPLOYMENT—DAMAGES—EVIDENCE.

Where the plaintiff in an action for personal injuries makes a claim for damages on account of the loss of probable earnings subsequent to the injury, and it appears that he was out of employment at the time of the accident, testimony that for two or three years before the injury he had been in the habit of [becoming intoxicated, and that he had been proprietor of an hotel of bad reputation, is admissible as bearing upon the probability of his securing employment, and the character and continuity of the same.

Error to Wayne; Simpson, J., presiding. Submitted January 13, 1897. Original opinion, March 10, 1897. Rehearing granted September 14, 1897. Final opinion, in modification of the earlier one, February 16, 1898.

Case by Thomas Kingston against the Fort Wayne & Elmwood Railway Company for personal injuries. From a judgment for defendant, plaintiff brings error. Reversed.

*Moore & Moore*, for appellant. ·

*Conely & Taylor*, for appellee.

LONG, C. J.   The defendant, on October 10, 1891, owned and operated a horse railway in the city of Detroit. The plaintiff went upon one of its cars on that date, for the purpose of being transported as a passenger. It was what is called a "summer car," open on both sides, with a step or running board, consisting of one board, extending the length of the car. The plaintiff, being unable to secure a seat, stood on the running board, and claims that the conductor in charge of the car negligently pushed him off, causing the injury complained of. The defendant claims that the plaintiff was intoxicated, and either jumped or fell off. On the trial, before a jury, the defendant had verdict in its favor. Plaintiff claims that he was not intoxicated at the time of the injury, but that, even if he were, he had a right to ride standing on the running board, and that if he was guilty of no negligence, and was pushed off the car by the negligent conduct of the conductor, he was entitled to recover. Complaint is made of the admission of certain evidence, and of the refusal of the court to charge certain requests, and also of some portions of the charge as given.

It appeared upon the trial that the plaintiff had worked for the Union Depot Elevator Company in Detroit for seven years continuously, and that he had severed his connection with that company between two and three years before the injury. The foreman of the elevator company was called as a witness by the defendant, and was asked why the plaintiff was discharged by that company, and, under objection, was permitted to testify that it was because of his intemperance. The superintendent

of the elevator company was called as a witness by the
defendant, and was permitted to testify, under objection,
that the reputation of the plaintiff among the people in
and about the elevator was that he was a drinking man.
The defendant also was permitted to show that the
plaintiff was under the influence of liquor at different
times a year prior to the accident.   One of the police
officers was called, and permitted to testify that he
knew the plaintiff when he kept a saloon; that at one
time there was trouble at the saloon, and he went in
and found the plaintiff and others pretty well intoxicated.
Another police officer was called, and testified that in
1891 he had seen the plaintiff under the influence of
liquor.   He was then asked, " Do you know what sort of
a place he had?" and answered that he considered it
rather tough.   This testimony was objected to by coun-
sel for the plaintiff.   Counsel for defendant insist that
this testimony was competent when the plaintiff's story
and demand are taken into consideration; that his story
was that the conductor treated him in a negligent manner,
whereby he was caused to fall from the running board of
the car; that he did not do anything in whole or in part to
cause the accident; and that he was entitled to recover from
the defendant, not only for the direct physical injury he
received, but also for the pain and suffering, loss of time,
and for loss of work which he would have received had he
not been injured; that the plaintiff was called as a witness
on his own behalf, and therefore put himself in the
way of an attack, not only upon his honesty as a party
claimant, but also upon his credibility as a witness, both
generally and in respect of his version of the occurrence
resulting in his injury.   Counsel contend, further, that
the plaintiff's own counsel put his sobriety in issue, and
that defendant's counsel went into the matter on cross-
examination.

We think it was proper examination to make inquiry
as to the plaintiff's condition at the time of the injury
complained of, and that the question was open to de-

fendant's inquiry as to whether the plaintiff was or was not intoxicated at the time of the injury, and that the defendant had a right to call witnesses to show that the plaintiff was intoxicated at that time. The defendant's conductor denied that he pushed the plaintiff off, or was in any way instrumental in his falling off the car. The defendant claimed that the plaintiff fell off by reason of his intoxication, and this was a proper subject of inquiry.

But the court was in error in permitting the defendant to introduce testimony showing that two or three or more years prior to that time the plaintiff was in the habit of becoming intoxicated. This evidence was undoubtedly prejudicial to the plaintiff's case. It was proper matter of cross-examination of plaintiff to inquire what his past life had been, and what company he had kept in the past, as he was before the jury as a witness, and it was proper to inquire into his antecedents, as they had a direct bearing upon his credibility as a witness. The defendant, however, would be bound by his answers, as there is no rule which would permit the defendant to introduce direct testimony bearing upon those questions, thus raising a collateral issue. The general reputation of the plaintiff for truth and veracity was open to inquiry, but an attack upon his credibility, which would raise a collateral issue, was not open to the defense. In *Williams* v. *Edmunds*, 75 Mich. 92, it was held that it was proper to show whether the servant who was alleged to have committed the injury was or was not sober at the time the injury was committed, it being a part of the *res gestœ*, but that it was not proper to show his intoxication at other times, as it was raising a collateral issue. In *Fahey* v. *Crotty*, 63 Mich. 383 (6 Am. St. Rep. 305), it was held that in a civil action the reputation of the plaintiff was not in issue. See, also, *Pokriefka* v. *Mackurat*, 91 Mich. 399; *Klein* v. *Bayer*, 81 Mich. 234; *Culley* v. *Walkeen*, 80 Mich. 443. It is apparent, therefore, that the court was in error in permitting the testimony showing the reputation of plaintiff as a drinking

man prior to the time of the injury, as well as in permitting the defendant to show by witnesses called by it the character of the hotel which he kept.   As we have said, these were matters proper for cross-examination, as bearing upon the plaintiff's character and credibility as a witness, but they were not open to other proofs, as such issues are collateral and entirely foreign to the subjects of inquiry in the suit.

The court charged the jury :

"If you find that the time he was upon this place he was intoxicated, then he could not recover in this case, because in the case of an intoxicated man the company was not expected, and the law would not require of this company that it should guard an intoxicated man against injury, standing in the place he was standing."

This charge was erroneous.   It was asserted by the plaintiff that he was pushed off or thrown off by defendant's conductor, and the fact that he was intoxicated would not give the conductor the right to push him off. The question of his intoxication was a matter to be taken into consideration by the jury in determining whether or not the plaintiff was in the exercise of due care in standing upon the running board while he was in that intoxicated condition; but his condition would be no excuse to the company if its conductor negligently and wrongfully pushed him off.   In Thomp. Neg. p. 1174, it is said: "Intoxication on the part of the plaintiff at the time of the accident does not constitute negligence in law, warranting a nonsuit or a peremptory instruction for the defendant, but is a circumstance to go to the jury on the question of contributory negligence."   This seems to be the general rule.   *Stuart* v. *Machias Port*, 48 Me. 477; *Alger* v. *City of Lowell*, 3 Allen, 402.

Defendant's conductor testified that the plaintiff was intoxicated while standing on the running board.   It was therefore his duty, and he was required, to exercise care in passing him upon that running board.   4 Am. & Eng. Enc. Law, 79, note 5, and cases there cited.

Some question is raised in reference to the charge of the court as to the preponderance of evidence; but, upon an examination of the whole charge, we are satisfied that that question was fairly submitted to the jury, or, at least, that the plaintiff's rights were not prejudiced by the charge.

For the reasons stated, the judgment will be reversed, and a new trial ordered.

The other Justices concurred.

### ON REHEARING

PER CURIAM. This cause was in this court at the January term, 1897, and an opinion was filed March 10th following. On the trial in the court below the defendant had judgment, which was reversed, and a new trial granted. The defendant thereafter moved for rehearing, which was granted.

While we are satisfied that the case was properly reversed and a new trial granted, we think there are some matters in the former opinion which should be corrected. It was there held that certain evidence should not have been admitted, showing that the plaintiff, for two or three years prior to that time, was in the habit of becoming intoxicated, and also showing the character of the house or hotel he kept. From a further examination of the case, we are convinced that the court below was not in error in admitting it. The plaintiff claimed damages on account of:

1. The direct physical injury to himself; its natural incidents,—pain, suffering, etc.

2. Loss of wages which he would probably have received during the period which intervened between the date of the accident and the date of the verdict.

3. Loss of probable future earnings.

It appears that when the plaintiff was injured he was not employed at any work, and the testimony tends to show that his habits were very dissolute; that he kept a

house of doubtful character, and had before that been discharged from his employment at various places. Counsel contend that ''it is not in the usual course of things that a man of dissolute habits, of more or less evil association, of bad record, and of ill repute should obtain employment as readily, or to the same extent, as if he were sober, industrious, of good fame and record; and that defendant had the right to lay before the jury, by appropriate testimony, any facts concerning the plaintiff's conduct, habits, character, or repute which might throw light on the probability of his securing employment, and the character and continuity of the same.''

We think the doctrine cannot be carried to the extent claimed by counsel. The defendant undoubtedly had the right to lay before the jury any facts concerning the plaintiff's habits or conduct which might throw light on the probability of his securing employment, and the character and continuity of the same, but we know of no rule which would permit the defendant to go into proof of the plaintiff's character or repute. In this view of the case, we think the court below was not in error in admitting the testimony, or in the charge to the jury upon that question. *Metropolitan Street R. Co.* v. *Kennedy,* 82 Fed. 158.

A new trial being had, we have made this correction of the former opinion.