Hillsborough, }
Oct. 9, 1902. }

### GUERTIN v. HUDSON.

How far the cross-examination of a witness may be carried for the purpose of disparaging his credibility, is a question to be determined by the trial court.

Remarks of counsel interjected during the examination of witnesses, and not inconsistent with legal fairness of trial, do not furnish cause for setting aside a verdict.

In an action against a town for injuries alleged to have been caused by a defective highway, the plaintiff's statement, made on the day after the accident, that he was going to a road-house where he expected to get more liquor and have a high time, is admissible in evidence upon the question of his care.

The introduction of incompetent testimony which was excluded by the court under proper instructions, and is found to have been disregarded by the jury, is not ground for a new trial.

Where it is in evidence that the plaintiff in an action for negligence was intoxicated at the time his injuries were received, it is proper to instruct the jury that his condition may be considered upon the question of his exercise of care.

A general exception to an entire charge on the ground of argumentativeness is not sustainable.

CASE, for injuries alleged to have been caused by a defective highway. Trial by jury and verdict for the defendants. Transferred from the September term, 1901, of the superior court by *Pike*, J.

On the night of February 26, 1900, the plaintiff and one Ringey, with two female companions, were driving along a highway in the town of Hudson. As they were crossing an unrailed culvert the carriage was overturned, the occupants were thrown out, and the plaintiff was injured. After the accident Ringey and the women went to a neighboring house, where they remained until morning. The plaintiff went in an opposite direction, found no shelter, and was severely frozen.

1. Ringey, who was the plaintiff's driver and was called by him as a witness, was asked upon cross-examination if one member of the party was a married woman. Upon objection being made, the defendants' counsel stated that he proposed to show the character of the party and desired to test the knowledge of the witness on that subject, as bearing upon his credibility. The objection was overruled, subject to exception.

2. Ringey was asked upon cross-examination where he was going at the time of the accident, and to this inquiry the plaintiff objected. After the court had overruled the objection, the defendants' counsel said, " I withdraw the question if they do not care to have him answer "; and to this remark the plaintiff excepted.

3. The physician who attended the plaintiff on the day after the accident was called by him as a witness. Subject to exception, he testified upon cross-examination that the plaintiff said the party was going to a road-house ; that they were going where they expected to get more liquor and have a high time.

4. Upon a second cross-examination of the physician, he testified that on a prior occasion he stated to the plaintiff's counsel that he did not recollect any odor of liquor coming from the plaintiff at the time he was called to attend him, but that an inspection of notes made at the time of his first visit showed that such an odor was apparent. The defendants' counsel thereupon said : " That is

something I didn't know about; I am glad to find that out; then you did?" To this remark the plaintiff excepted.

5. A witness called by the defendants testified that he saw the plaintiff and Ringey a few hours prior to the accident; that they were quite noisy, appeared to be under the influence of liquor, and talked in a loud tone. Subject to exception, he testified that the plaintiff said, "You ought to be with us tonight; we are going off on a . . . expedition," using an obscene word to indicate the object of the expedition.

6. A witness called by the defendants testified that on the night of the accident, the plaintiff not being present, Ringey said he thought the town would be responsible for the trouble — that he should consider it so. Exception being taken to the answer, the court excluded the testimony, instructed the jury not to consider it, and found that they did not.

7. Ringey testified that at the time of the accident he was driving slowly and carefully. Subject to exception, a witness for the defendants testified to Ringey's statement that he was driving fast and went upon the ice with a smoothly shod horse.

8. Ringey and one woman of the party testified that all four were perfectly sober. Subject to exception, a witness for the defendants testified that Ringey and one of the women had been drinking to some extent, and that the other woman was "gloriously drunk."

9. The woman who rode beside Ringey on the night of the accident testified that he drove slowly and managed the horse properly. A witness called by the defendants was permitted to testify, subject to exception, that in a conversation the morning after the accident this woman stated that she did not know whether Ringey was driving at all or had the reins in his hands.

10. To contradict Ringey's testimony that he was driving slowly and carefully, a witness called by the defendants testified, subject to exception, that she overheard him say the next morning, "I will admit that I was driving fast."

11. A husband of one of the women who accompanied the plaintiff was called as a witness by the defendants, and testified, subject to exception, that his wife went off with Ringey and the plaintiff, and that the latter gave her a dollar before they left the house.

12. The plaintiff excepted to the following portion of the closing argument of counsel for the defendants: "Married women, ready for a debauch, ready for the purpose that these young men have in their hearts when they start out that night! And the four, filled with liquor and lust, start on their dirty purpose almost at dead of night, with the wind blowing twelve miles an

hour, upon a rough, hard, and terrible road; and before they get to the place of their destination the party is broken up by an accident, when, according to their own confession, one of the two men had drunk four times of beer and whiskey, and the other four times of beer and, as we have proved, a fifth time of whiskey; filled themselves with whiskey and beer, whiskey and beer, and nobody knows what else and how much else."

13.  The plaintiff excepted to the following portion of the instructions to the jury: "Since a person when intoxicated is less likely to use ordinary care in a given instance than when he is sober, it is always proper to inquire into his condition in this respect.  If he has been called upon to use such care, and if it is found that at the time he was intoxicated, this circumstance may be considered upon the question whether he did in fact use ordinary care at the time in question."

14.  The plaintiff excepted to the entire charge on the ground that it was argumentative, without further specification of error claimed.

*Doyle & Lucier, Wason & Moran,* and *George F. Jackson,* for the plaintiff.

*Hamblett & Spring, Burns & Burns,* and *George W. Clyde,* for the defendants.

REMICK, J.  1.  Exception 1 presents nothing warranting the interposition of this tribunal.  The question objected to was asked on cross-examination and, as was expressly stated, for the purpose of discrediting the witness.  How far counsel shall be permitted to go in cross-examination for the purpose named, the law leaves to the discretion of the superior court.  *Gutterson* v. *Morse,* 58 N. H. 165; *Free* v. *Buckingham,* 59 N. H. 219; *Merrill* v. *Perkins,* 59 N. H. 343; *Spalding* v. *Merrimack,* 67 N. H. 382.

2.  In view of the character of the comment covered by exception 2, and the previous and subsequent course of the trial, we cannot say that it was "so inconsistent with legal fairness of trial as to make it a matter of law that there should be a new trial." *Gilman* v. *Laconia, ante, p.* 212; *Perkins* v. *Roberge,* 69 N. H. 171; *Dow* v. *Weare,* 68 N. H. 345; *Aldrich* v. *Railroad,* 67 N. H. 380; *Gault* v. *Railroad,* 63 N. H. 356, 360, 361.

3.  The testimony covered by exception 3, that the plaintiff at the time of his injury was one of a party of men and women who had been drinking and were on their way to a road-house "where they expected to get more liquor and have a high time," was competent, in connection with the other evidence in the case, as hav-

ing some tendency to show that the injury resulted, as contended by the defendants, from the intoxication and carelessness of the plaintiff and his party, instead of from the defective highway, as contended by the plaintiff. It came fairly within the principle, that when the truth of anything is in question and the evidence is conflicting, facts and circumstances having a tendency to show its probability or improbability are competent. *Swain* v. *Cheney*, 41 N. H. 232, 235; *Hampstead* v. *Plaistow*, 49 N. H. 84, 96; *Cook* v. *Bennett*, 51 N. H. 85, 93, 94; *Darling* v. *Westmoreland*, 52 N. H. 401; *Hovey* v. *Grant*, 55 N. H. 497, 501, 502; *Hall* v. *Brown*, 58 N. H. 93; *Parkinson* v. *Railroad*, 61 N. H. 416; *Plumb* v. *Curtis*, 66 Conn. 154; *Insurance Co.* v. *Weide*, 11 Wall. 438, 440; Tay. Ev., s. 316; 1 Gr. Ev., s. 51 a, note b; Steph. Dig. Ev. 9. Upon the question whether the plaintiff and his party were intoxicated and driving carelessly at the time of the injury, it was certainly a matter of some logical bearing, upon the general probability, whether the party consisted of the plaintiff and his family on their way to church, or of two men and two women who had been drinking, and who were on their way to a road-house "where they expected to get more liquor and have a high time." Assuredly, the make-up, destination, and object of the party would have been available in the plaintiff's behalf in the former case, and we see no reason why it was not competent against him in the latter. Of course, there was a preliminary question of remoteness for the superior court, not reviewable here. Furthermore, it was the right of the plaintiff, in order to guard against prejudicial misuse of the evidence, to have the jury instructed that it could only be considered upon the question of the plaintiff's due care; and a refusal to give such instruction would have been exceptionable error and good ground for new trial. But we should be blind to the logic of facts and indifferent to the weight of authority were we to say that the evidence was legally incompetent.

4. It is not apparent how the plaintiff could have been prejudiced by the comment covered by this exception. It belongs at most to that class of irregularities not so inconsistent with legal fairness as to require the granting of a new trial. *Gilman* v. *Laconia*, ante, p. 212, and other authorities cited in connection with exception 2.

5. This exception cannot be sustained, for the reasons stated in overruling exception 3.

6. The court excluded the testimony to which exception 6 relates, instructed the jury not to consider it, and finds that they did not. Furthermore, there is no reason to believe that the evidence improperly influenced the verdict. The exception must therefore be overruled. *Goodwin* v. *Scott*, 61 N. H. 112, 115;

*Burnham* v. *Butler*, 58 N. H. 568; *Deerfield* .v. *Northwood*, 10 N. H. 269.

7. Exceptions 7, 8, 9, and 10 are clearly untenable.

8. The testimony covered by exception 11 had a tendency to show the nature of the expedition and, in connection with other evidence, a bearing upon the probability of due care on the part of the plaintiff. In this view it was competent for the reasons and upon the authorities to which attention was called in considering exception 3. But in any view the exception presents no ground for new trial. *Rowell* v. *Hollis*, 62 N. H. 129; *Welch* v. *Adams*, 63 N. H. 344, 352; *Whitman* v. *Morey*, 63 N. H. 448, 458.

9. That part of the argument of the defendants' counsel to the jury to which the plaintiff has excepted was warranted by the evidence and was within the bounds of legitimate advocacy, upon the issue of the plaintiff's contributory negligence.

10. The instruction of the court on the question of intoxication, taken as a whole, was in accordance with the law. *Stuart* v. *Machias Port*, 48 Me. 477; *Alger* v. *Lowell*, 3 Allen 402; *Thorp* v. *Brookfield*, 36 Conn. 320; 40 L. R. A. 138 e; 1 Thomp. Com. Neg., ss. 340, 452, 494; 15 Am. & Eng. Enc. Law (2d ed.) 474.

11. The objection taken to the charge of the court in general terms is not sustainable. *Reynolds* v. *Railroad,* 43 N. H. 580; *Paine* v. *Railway*, 58 N. H. 611, 615.

*Exceptions overruled.*

All concurred.