SHEPARD *v.* PLATT.

1. INTOXICATING LIQUORS—LIABILITY FOR ASSAULT—BONDSMEN OF LIQUOR DEALERS.

   Evidence that plaintiff was assaulted in a saloon by one of the customers who had been drinking intoxicants and was under the influence of liquor, sustains a verdict against the saloonkeeper and his sureties.

2. TRIAL—ARGUMENT OF ATTORNEY.

   Where counsel make an argument in good faith, based on the testimony, and the verdict was in accordance with the weight of evidence for a moderate amount, the refusal of the trial court to grant a new trial is warranted.

Error to Lenawee; Lockwood, J. Submitted May 4, 1909. (Docket No. 124.) Decided September 21, 1909.

Case by John Shepard against Charles Platt, principal, and James F. Burton and Andrew B. Berry, sureties, under the civil-damage act. A judgment for plaintiff is reviewed by defendants on writ of error. Affirmed.

*Herbert R. Clark,* for appellants.

*Smith, Baldwin & Alexander,* for appellee.

McALVAY, J.    Plaintiff recovered a judgment against defendants in a suit brought under the statute, upon a retail liquor dealer's bond, wherein Charles Platt was principal and the other defendants were sureties, for personal injuries received from an assault made upon him by Wesley Kirk, a person in the habit of becoming intoxicated, while intoxicated with liquors furnished and sold to him by defendant Platt, his clerks and agents, at his place of business in the city of Adrian in this State. In denying a motion for a new trial, the judge presiding made a statement of the facts in the case which is adopted by us:

"The plaintiff went to the barroom in the hotel owned by defendant Platt for the purpose of securing a pint of whisky, to be used at his home in the treatment of his wife, who was then being confined.  The plaintiff stepped into the barroom and saw John Kirk standing by the bar with another man whom the plaintiff did not know.  The second man was Wesley Kirk, a brother of John Kirk. After securing the whisky, the plaintiff placed the bottle in a basket containing groceries, which he was taking to his home, and started to leave the building.  It appeared that the plaintiff and John Kirk had previously had some disagreement; that, as the plaintiff passed from the barroom into the poolroom, John Kirk stepped in front of him and engaged him in a conversation, and, according to plaintiff's testimony, he finally struck at plaintiff; and that the plaintiff held up his arm with the basket of groceries upon it and attempted to ward off the blow, and at the same time backed away from his assailant.  While the plaintiff was backing away from John Kirk, Wesley Kirk picked up a billiard cue and struck him from behind, over the head, crushing his skull.  The injury was

a very serious one. The testimony showed that Wesley Kirk had no acquaintance with the plaintiff, and did not know of the trouble between plaintiff and his brother John. * * * It was the claim of the plaintiff that at the time Wesley Kirk struck this blow he was under the influence of liquor purchased from defendant, and that the defendant was liable for the damages resulting because he had sold and delivered this liquor to Wesley Kirk, who was a man in the habit of becoming intoxicated."

Defendants upon writ of error ask for a review of the case and a reversal of the judgment on account of error committed on the trial.

We will consider the errors assigned which are discussed in defendants' brief. Defendants contend that a verdict should have been instructed for want of evidence. It appears from the record that the assault on plaintiff by Wesley Kirk is not a disputed fact in the case. John Kirk, his brother, testifies that Wesley struck plaintiff. Two other witnesses called by defendants testify that they saw the blow struck. There is also no dispute but that the injury was a serious one. It is admitted also that Kirk drank whisky in that saloon shortly before the assault. The disputed facts are that the Kirks were not persons in the habit of becoming intoxicated, that they were not intoxicated on that day, and that the drinks they procured there at the time had nothing to do with the assault on plaintiff. The court would not have been justified in directing a verdict in this case for defendants. It was clearly a case for the jury to determine upon the facts.

The correctness of the charge of the court in submitting the case to the jury is not questioned. The motion for a new trial, which was denied, was urged for the reasons that the verdict was against the law and evidence, that it was against the weight of the evidence, and because of prejudicial argument of plaintiff's counsel to the jury. We have already said that there was evidence in the case to submit to the jury, and we add that the verdict of the

jury was not, in our opinion, against the weight of the evidence. We have examined the testimony admitted, to which defendants except, and do not find that it was erroneously allowed. No question is involved of sufficient importance to warrant giving it extended attention.

The remaining matter which requires attention relates to the argument of plaintiff's counsel. The matter was presented to the learned trial judge on the motion for a new trial. In his written findings giving his reasons for denying it, he said, as to this matter:

"This is not all the argument, and some of the part given is removed from its context. I heard the argument, and have read that portion of it set up in the motion, and while it was a very strong argument, and one calculated to move the jury to render a verdict in favor of the plaintiff, I do not think it was unwarranted, or that it constitutes a sufficient ground fcr setting aside the verdict in this cause; * * * but, so long as arguments to juries are to be made, some latitude must be given counsel, and where the argument is honestly made, and based upon the testimony, the deductions and conclusions drawn by counsel must be allowed to go to the jury."

In accepting this conclusion of the court, we take into consideration, as he did, the amount of the verdict found by the jury. This was an aggravated and unwarranted attack upon plaintiff by a man he had never seen before, and who was, without provocation to his assailant, knocked down with a billiard cue which crushed the skull on the side of his head. The verdict of $1,400 returned by the jury was not a large one and indicates that the jury were not prejudiced by the argument of counsel.

The judgment will be affirmed.

BLAIR, C. J., and MONTGOMERY, HOOKER, and BROOKE, JJ., concurred.