### MADALINSKI *v.* HILL.

1. Automobiles—Pedestrians—Contributory Negligence—Physical Condition.

In action against motorist by administratrix of fatally injured pedestrian, defendant *held*, to have a right to show plaintiff's intestate's physical condition at time of accident as bearing upon question of his contributory negligence but evidence of intoxication prior to time of injury is inadmissible.

2. APPEAL AND ERROR—AUTOMOBILES—PEDESTRIANS—HABITS.

Questioning as to habits of deceased pedestrian whose administratrix sued alleged negligent motorist under survival act, which did not elicit unfavorable answers *held*, not reversible error since such error must be prejudicial (3 Comp. Laws 1929, § 14040).

3. SAME—STATEMENT TO PROSECUTOR—TRIAL—ORDER OF PROOF.

Refusal of trial judge, in action against motorist by administratrix of the estate of fatally injured pedestrian, to permit identification of statement made by defendant to prosecuting attorney and not retaining copy of statement in courtroom *held*, not reversible error, where court suggested it be left until needed, with an assistant prosecutor in the courthouse, defendant's counsel later consented to its use, no formal objection to court's suggestion was made nor abuse of discretion shown.

4. TRIAL—DISCRETION OF COURT—ORDER OF PROOF.

Order of proof and conduct of trials are matters to be determined by the trial judge.

5. SAME—CONDUCT OF TRIALS—DISCRETION OF COURT.

The conduct of trials is, to a large extent, under the control of the presiding judge who, while having considerable discretion as to the manner of procedure, must exercise great care to say nothing in the hearing of the jurors while trial is in progress which can possibly be construed to the prejudice of either party, whether or not it is prejudicial depending upon circumstances of the particular case.

6. SAME—REMARKS OF COURT.

Remarks of court admonishing counsel for conversation carried on in the hearing of the jury, for confusion of witnesses, unnecessary wrangling, and continual interruption *held*, not reversible error, where trial court maintained an equal balance between the parties and jury apparently ignored counsel's attitude towards each other.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted June 2, 1936. (Docket No. 15, Calendar No. 38,564.) Decided October 5, 1936.

Case by Antonina Madalinski, administratrix of the estate of Joseph Madalinski, deceased, against Lester Hill for personal injuries received by plaintiff's decedent when struck by an automobile while crossing a street. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Clarence Milligan* (*Harry Slavin,* of counsel), for plaintiff.

*Howard D. Brown,* for defendant.

BUSHNELL, J. Alleging defendant's negligence in the operation of his automobile and his violation of the ordinances of the city of Detroit and the State motor vehicle act (1 Comp. Laws 1929, § 4693 *et seq.*), plaintiff administratrix sought damages, under the survival act (3 Comp. Laws 1929, § 14040), for the death of her husband.

The jury found for defendant. Plaintiff appeals, alleging errors by the court as follows:

1. Permitting a series of questions and answers as to the sobriety of plaintiff's intestate and ruling that the question of his sobriety was admissible.

2. Refusing to permit identification of a statement made by defendant to the prosecuting attorney and not retaining a copy of the statement in the courtroom.

3. Reprimanding plaintiff's attorney in the presence of the jury.

Defendant had a right to show plaintiff's intestate's physical condition as bearing upon the question of his contributory negligence, but evidence of intoxication prior to the time of the injury was inadmissible. *Kingston* v. *Railway Co.,* 112 Mich. 40 (40 L. R. A. 131).

The questions as to deceased's habits did not, however, elicit unfavorable answers and error must be prejudicial to be reversible. *Zoski* v. *Gaines,* 271 Mich. 1.

The prosecuting attorney for Wayne county took a statement from the defendant after the accident. Plaintiff subpœnaed the prosecutor's stenographer, and her notes, and proposed that she identify the statement so that it might be left with the court during the trial, for such use as might be desired by the parties. This was objected to by defendant as having nothing to do with the matter "at this particular time" and the court said:

"We will leave it. At the point where it becomes necessary in this case, I will take it up, but so far it has not become necessary to the issues involved in the case."

No formal objection was made to the court's suggestion that the statement be left, until needed, with an assistant prosecutor occupying an office in the courthouse. Defendant's counsel later consented to its use, but the record is not clear as to whether or not it was used.

The order of proof and the conduct of trials are matters to be determined by the trial judge and there is no claim of any abuse of discretion.

Appellant claims reversible error, because of the court's remarks to counsel that it is said were made in such a manner as to prejudice plaintiff's case in the eyes of the jury.

The colloquy between counsel and the court during which the reprimand was administered was begun between plaintiff's counsel and his associate; what they said to each other is not reported. The court

suggested that the matter need not be discussed in the presence of the jury and directed counsel to proceed with his examination of the witness. Counsel needlessly interrupted the court during its statement regarding the conversation and both counsel were told to discontinue their side remarks within hearing of the jury. Appellant's counsel was ordered to desist from making further remarks, with an intimation of possible punishment.

There is no hard and fast rule as to how far a trial court may go in its remarks to counsel, in the presence of a jury, without crossing the line of prejudicial and reversible error. This must necessarily depend upon circumstances.

The conduct of trials is, to a large extent, under the control of the presiding judge, who has considerable discretion as to the manner of procedure. 26 R. C. L. p. 1025. Judges are required, however, to exercise great care to say nothing in the hearing of jurors, while a case is progressing, which can possibly be construed to the prejudice of either party. *Cronkhite* v. *Dickerson,* 51 Mich. 177. In determining whether remarks made by the court in the course of a trial were improper and prejudicial, the context and the circumstances under which they were uttered must be considered. *Lamb* v. *Lippincott,* 115 Mich. 611.

The remarks complained of do not indicate any bias or prejudice in favor of either party. The trial judge was only exercising proper control of the trial of the cause before him.

Counsel on both sides, though able and experienced, indulged in an unusual amount of unnecessary wrangling. They were cautioned on more than one occasion and the court had difficulty in prevent-

ing confusion of the witnesses. We quote a typical portion of the court's remarks:

"Now, just a minute. Wait until I get through. I am just getting a little bit out of patience. Both of you gentlemen know how to try a lawsuit if anybody does. Now, you will make no further objections until counsel· gets an opportunity to put his question on the record," etc.

Later when counsel continued to interrupt each other, the court said:

"I am trying to protect you in formal rulings and formal objections. Now, you conduct yourself in the same manner. Now, what is the question? Witness don't answer this question until counsel has an opportunity to object."

It was also necessary to caution counsel not to comment, during the examination, upon the witnesses' testimony.

We find no error in the court's remarks. The trial judge maintained an equal balance between the parties; the jury apparently ignored counsel's attitude towards each other and determined the issues solely upon the evidence.

The judgment is affirmed, with costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.