ANTHONY v. COCHRANE

1. JURY—EXCUSING JUROR FOR CAUSE—DISCRETION OF COURT.
   The trial judge may exercise his discretion to excuse a juror for cause at any time before the introduction of evidence.

2. SAME—DISCRETION OF COURT—EMBARRASSMENT OF JUROR.
   Excusing of juror who disclosed that he was a personal friend of father of defendant in action for damages for assault and battery, and had business dealings with the father, and admitted probable embarrassment if, after rendering a judgment against defendant, he would meet the father on the street, was not an abuse of discretion on the part of the trial judge nor an error which could now be corrected after trial by jury that was impartial as the court could not now require trial before jury first sworn.

3. TRIAL—DISCRETION OF COURT.
   Generally the conduct of a trial is, to a large extent, under the control of the presiding judge who has considerable discretion as to the manner of procedure.

---

Assault and battery, see 1 Restatement, Torts, § 13 et seq.; self-defense, see 1 Restatement, Torts, § 63.

4. WITNESSES—CROSS-EXAMINATION—CHARACTER.
    The extent of cross-examination for the purpose of showing the
        character of a witness is discretionary with the trial judge.

5. ASSAULT AND BATTERY—EVIDENCE.
    All testimony leading up to the assault which tends to explain
        the relation or rights of the parties is admissible in action
        for damages for assault and battery.

6. SAME—EXTRANEOUS ISSUES—HARMLESS ERRORS.
    In action for damages for assault and battery incident to at-
        tempt by a constable, a trucker and helper and 38-year-old
        defendant to remove furniture from house which was occupied
        by defendant's estranged wife, daughter of 81-year-old plain-
        tiff, insertion by counsel for plaintiff of extraneous issues
        as to number of plaintiff's children, as to amount of furni-
        ture on truck when altercation took place, as to opinion about
        plaintiff's pain, as to opinion of whether plaintiff could hurt
        defendant and whether or not it was necessary for defendant
        to protect himself by striking plaintiff, as to propriety of
        questions propounded to defendant on cross-examination rela-
        tive to his right to take the furniture, as to criminal and
        divorce proceedings brought against defendant which had been
        dismissed, and as to other similar questions, *held,* not pre-
        judicial, in view of the nature of the material issue before
        the jury as to whether or not defendant did assault plaintiff,
        and if so, the amount of the latter's damages.

7. TRIAL—ARGUMENT OF COUNSEL.
    In action for assault and battery by elderly plaintiff against
        his son-in-law, expression of opinion by plaintiff's counsel
        on matters connected with the case in his argument to the
        jury *held,* not reversible error.

8. SAME—INSTRUCTIONS—ASSAULT.
    Instructions in civil action for assault whereby trial court con-
        cisely presented claim of defendant and advised as to what
        damages they could find in favor of plaintiff *held,* not re-
        versible error when charge is considered as a whole although
        a portion having nothing to do with the case and not found
        prejudicial to defendant might well have been omitted.

9. APPEAL AND ERROR—ASSAULT—RECORD.
    Record in civil action for assault tried before a jury and result-
        ing in verdict and judgment for plaintiff *held,* not to dis-
        close reversible error (3 Comp. Laws 1929, § 15518).

Appeal from Van Buren; Sample (George W.), J., presiding. Submitted October 10, 1940. (Docket No. 29, Calendar No. 41,256.) Decided December 10, 1940.

Case by Henry E. Anthony against Donald S. Cochrane for damages for assault and battery. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Kim Sigler*, for plaintiff.

*Lewis R. Williams* and *David Anderson, Sr.*, for defendant.

SHARPE, J. This is an action for damages for assault and battery. On July 30, 1938, the date of the alleged assault, defendant was 34 years of age and was the son-in-law of plaintiff. Defendant and his wife lived together in Hartford, but for some months prior to the above date, they had separated and divorce proceedings were taken. On the above date, defendant went to the house occupied by his wife for the purpose of removing some furniture belonging to his father and for this purpose he had a trucker, his helper, and a constable. At this time, plaintiff, a man 81 years of age, was at the house visiting his daughter.

Defendant's wife objected to the removal of the furniture. As soon as some of the furniture was removed from the house and placed on the truck, defendant's wife proceeded to throw some articles off the truck. The defendant objected to the actions of his wife and attempted to force her off the truck. At this time, plaintiff went out to the truck and asked defendant to leave his daughter (defendant's wife) alone. At this point in the story we have two

versions as to what actually happened in the succeeding minutes.

Defendant claims that plaintiff grabbed him by the shoulder, swung him around and struck him with his fist; that he tried to back away from plaintiff, but plaintiff kept following him trying to strike him; and that as a matter of self-defense he struck plaintiff with his fist.

Plaintiff claims that as defendant was trying to prevent his wife from throwing things out of the truck, he, the plaintiff, asked defendant to please leave his daughter alone; that at this time defendant had a screw driver in his hand and struck plaintiff in the face with the pointed end of the screw driver and once with the blunt end; that plaintiff then started for the house, but before he got there defendant followed him and hit him in the eye with his fist; and that plaintiff had his injuries treated by a local physician and had some treatment in a Kalamazoo hospital.

The cause came on for trial and a jury returned a verdict of $2,250. Counsel for defendant made a motion for a new trial, which was denied. Defendant appeals and alleges 56 errors upon the part of the trial judge. For the purpose of this opinion these claimed errors may be grouped as follows: 1. The excusing of a juror for cause; 2. The admission of improper and prejudicial testimony; 3. The unjustifiable attack by plaintiff's attorney on defendant's witnesses; 4. The expression of opinion by plaintiff's counsel in regard to matters connected with the case in the course of his argument to the jury; 5. The speech of passion and prejudice made by plaintiff's counsel to the jury; 6. The errors of the trial court in instructing the jury.

When the jury was being examined it was revealed that George Dillenbeck, one of the proposed jurors,

was a personal friend of defendant's father, had business dealings with him, and admitted upon examination that he would feel embarrassed if, after rendering a judgment against defendant, he would meet defendant's father upon the street. The court upheld the challenge for cause, and said:

"Well I think the juror must be free without embarrassment, or else he must be of a kind that he is going to do the right thing whether it hurts anyone or not. * * * It is not quite the freedom that one should have when he sits as a juror and attempts to do the right thing."

In *Quay* v. *Railway Co.*, 153 Mich. 567, 569 (18 L. R. A. [N. S.] 250), we said:

"In accordance with the principle of that decision (*Scripps* v. *Reilly*, 38 Mich. 10), we hold that the trial judge may exercise his discretion to excuse a juror for cause at any time before the introduction of evidence. This holding is supported by authority and is in harmony with the policy of the law to secure a trial by an impartial jury. 24 Cyc. p. 314, and cases cited.

"Even if it should be held that the ruling of the court was erroneous, we could not correct the error, since we could not require the case to be tried before the jury first sworn. All that the defendant would secure by a reversal for this error would be the right to try the case before an impartial jury, and this it has already had. The error, therefore, would not be prejudicial."

In our opinion there was no abuse of discretion upon the part of the trial judge in excusing the juror.

It is next urged that the trial court was in error in permitting plaintiff to testify as to the number of children he had; in permitting a witness to state her opinion as to how much furniture was placed on the

truck and as to whether or not plaintiff suffered
pain; in permitting another witness to state an opin-
ion as to whether or not plaintiff could hurt defend-
ant and as to whether or not it was necessary for the
defendant to protect himself by striking plaintiff;
and that it was error to ask defendant upon cross-
examination the following questions: "You knew
when you went down there that you didn't have a
scratch of a pen from a legal standpoint to take this
furniture away from your wife, didn't you?    *    *    *
And you thought you would go down there and
strong-arm your methods through, didn't you?"

Defendant also urges that it was error to introduce
testimony showing that criminal proceedings were
instituted against defendant by the prosecuting at-
torney, who is a son of David Anderson, Sr., one of
the attorneys for defendant, and that such proceed-
ings were dismissed upon the recommendation of the
prosecuting attorney; testimony to the effect that
the divorce suit instituted by defendant was dis-
missed by the trial judge hearing the case; testimony
as to how much support defendant furnished his wife
during the pendency of the divorce; and other ques-
tions along a similar vein.

It is a general rule that error, to be reversible,
must be prejudicial. See *Detroit Free Press* v. *Mil-
ler,* 223 Mich. 333; *Sweeney* v. *Adam Groth Co.,* 269
Mich. 436; *Zoski* v. *Gaines,* 271 Mich. 1; *Madalinski*
v. *Hill,* 277 Mich. 219.

It is also a general rule that the conduct of a trial
is, to a large extent, under the control of the pre-
siding judge, who has considerable discretion as to
the manner of procedure. See *Madalinski* v. *Hill,*
*supra.* It also may be said that the extent of cross-
examination for the purpose of showing the character
of a witness is discretionary with the trial judge.

See *Lunde* v. *Detroit United Railway,* 177 Mich.
374. All of the testimony leading up to the assault
which tends to explain the relation or rights of the
parties is admissible.

Observation of the record discloses that counsel
for plaintiff thoroughly cross-examined certain wit-
nesses and indulged in a wide range in his exami-
nation of other witnesses. But we cannot say that
there was reversible error on the part of the trial
judge in letting counsel roam so far. We have in
mind that the material issue for the jury to decide
was—Did defendant assault plaintiff, and if so,
what amount will reasonably compensate him for
the damages he has suffered? We are unable to see
how the insertion of extraneous issues was harmful
to defendant.

It is next urged that it was error for plaintiff's
counsel to express an opinion on matters connected
with the case in his argument to the jury. In *Shep-
ard* v. *Platt,* 158 Mich. 181, we approved of the
following observation of the trial judge in that case
—"but, so long as arguments to juries are to be
made, some latitude must be given counsel, and
where the argument is honestly made, and based
upon the testimony, the deductions and conclusions
drawn by counsel must be allowed to go to the jury."
In the case at bar, the argument of counsel for the
defense is not made a matter of record, but we do
have the argument made by counsel for plaintiff in
his closing address to the jury. As we examine this
address we find some "flag waving" and an appeal
for "law and order" in Van Buren county. We are
inclined to think that counsel did some roaming,
but we cannot say that the result would have been
different if his "tether" had been shorter.

It is also urged that the trial judge was in error
in his charge to the jury by devoting much of his

instructions to the claims of the plaintiff and so little to the claims of the defendant and in giving the following charge to the jury:

"If you find for the plaintiff you should award him such damages as shall reasonably compensate him for the expense he has been put to, together with such sum as shall reasonably compensate him for the injuries that he has sustained, including his pain and suffering, and such other injuries as you may find by a preponderance of the evidence he has suffered. * * *

"There is not any rule of the court to lay down what the jury can allow for pain and suffering. That is left to the good sense of the jury, but always understanding that one who, through neglect or assault, such as is claimed in this case, if you find that this defendant is guilty of an assault, and that his defense of self-defense does not stand up, then, of course, all the damages that this elderly gentleman suffered must be recompensed.

"Besides you may recompensate him, in addition to that, under the instructions the court has given you, if you see that the beating that he claimed to have gotten, and injuries he claims he sustained, warrant it. * * *

"This matter is important to this community. It is important to Hartford. It is important to Van Buren county. It is important to the State of Michigan. It is important to the two litigants."

The record shows that the trial court instructed the jury on the claim of defendant as follows:

"I further charge you, ladies and gentlemen of the jury, that it is the claim of the defense that the assault committed upon the plaintiff was in self-defense.

"And in this respect I charge you that in defending himself against an unlawful attack of another a man is justified in resorting to such violence and

the use of such force as the particular circumstances of the case may require for his protection in defending himself.

"I will repeat that: It is the law of this State that a man, in defending himself against an unlawful attack of another, is justified in resorting to such violence and the use of such force as the particular circumstances of the case may require for his protection.

"The degree of force to be employed in protecting one's person must be in proportion to the attack made, of course, and must depend upon the circumstances in each particular case, and the imminence of the danger as it appears to him at the time. * * *

"A husband is not guilty of a trespass in going upon his premises for his legitimate purposes, even though husband and wife had separated and she is remaining on the premises by his permission.

"I further instruct you that on the 30th day of July, 1938, the defendant had a right to go upon the premises, the occupancy of which he had obtained from his father, and remove therefrom property belonging to his father.

"It appears that a number of persons congregated at this scene at the time, and defendant claims that they interfered, by word and actions, with his attempt to remove furniture from the premises.

"I instruct you that all persons coming upon the premises without invitation were trespassers and had no right to interfere in any way with either the defendant or his wife, and if they did so interfere you should consider this in determining whether or not he acted in self-defense, and whether or not he was justified in the degree of force used by him in such self-defense—such claimed self-defense.

"The defendant claims that in what he did he acted in self-defense—I have stated this before but in a little different manner—and that he used no more force than appeared to him at the time under

the circumstances to be necessary in his own self-defense.

"You are instructed that this matter is to be decided by the conditions as they appeared honestly to the defendant at that time and not in view of any subsequent circumstances or conditions.

"In determining this matter of self-defense you should first consider whether or not the people who gathered there were encouraging the plaintiff, by their words and actions, and whether they were likewise assuming a hostile attitude toward this defendant; and you should consider the effect that this had in provoking the plaintiff, or in exciting the defendant, in determining the subsequent actions of the defendant in relation to his claimed self-defense."

In our opinion the trial court concisely presented the claim of defendant in his instructions to the jury. Counsel for defendant complains of the above-quoted instructions, but does not point out the error complained of except that the last-mentioned instruction is misleading.

We have frequently stated that instructions must be considered as a whole. In the above instructions, the jury was advised as to what damages they could find in favor of plaintiff. We find no fault in the instructions as given. The last-mentioned instruction might well have been omitted. It has nothing to do with the merits of the case, but we cannot say that it was prejudicial to the rights of defendant. We think this case well illustrates the purpose of enacting section 15518, 3 Comp. Laws 1929 (Stat. Ann. § 27.2618), which provides:

"No judgment or verdict shall be set aside or reversed, or a new trial be granted by any court in any civil case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after

an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.''

We have examined with care the entire record, and in the light of the above section of the law are constrained to hold that there was no reversible error committed.

The judgment is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and BOYLES, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.